UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Hamid GHAMOUSH-RAMANDI,<br><br>                              Petitioner,<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>                              Respondents. | Case No.:  26-cv-0952-AGS-DEB<br><br>**ORDER REQUIRING RETURN** |

Petitioner Hamid Ghamoushi seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

In April 2024, Ghamoushi, "a native and citizen of Iran," entered the United States "without authorization." (ECF 1, at 3.) More than a year later, on "July 6, 2025," he was "arrested" by Immigration and Customs Enforcement. (*Id.*) Then, on "November 10, 2025," an immigration judge "granted his application for withholding of removal to Iran," but he is still in custody and asserts that his ongoing detention violates his "due process" rights. (*Id.* at 3, 5.) Specifically, he asks this Court to order his release because "there is no good reason to believe he will be deported to Iran in the reasonably foreseeable future." (*Id.* at 1.)

Thus far, he's been held in post-final-removal-order custody for longer than the 90-day standard removal period but shorter than the presumptively reasonable 6-month detention period. *See* 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]"); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (discussing "6-month presumption" of reasonable detention for § 1231(a)(6)). And some courts have granted relief for petitioners in similar circumstances. *See Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025) (collecting cases and holding that the Supreme Court's "six-month period of presumptively reasonable detention" does "not preclude a detainee from challenging the reasonableness of his detention before such time").

So, by **February 23, 2026**, the government must answer. Any reply by the petitioner is due **February 27, 2026**, and the Court will hold a hearing on **March 3, 2026, at 1:30 p.m.**

Dated:  February 17, 2026

_____
Hon. Andrew G. Schopler
United States District Judge